IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

JAICOURRIE FINLEY §

v. § CIVIL ACTION NO. 5:09cv146

WARDEN DAVID HUDSON, ET AL. §

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE ON PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF

The Plaintiff Jacourrie Finley, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Together with his complaint, Finley filed two motions for injunctive relief, seeking a transfer outside of TDCJ's Region II. On March 23, 2010, the Magistrate Judge issued a Report recommending that these motions be denied as moot, inasmuch as Finley was subsequently transferred to Amarillo, which is outside of Region II. Finley filed objections to this Report, saying that he wanted a transfer to a prison where none of the defendants in his lawsuit are employed or exercise any supervisory control. Finley offers nothing to show that any of the named defendants, who are located at the Telford Unit in New Boston, exercise any control over the prison unit in Amarillo. His objections are without merit.

Finley's objections also refer to other requests for injunctive relief which he has filed. In these requests, Finley says that he suffered interference with his mail while at the Telford Unit, and that he has suffered threats and retaliation while at the Clements Unit in Amarillo. The claims

regarding interference with his mail are moot, in that Finley is no longer confined at the Telford Unit.[1] Although Finley also complains of incidents occurring in Amarillo, this Court lacks *in personam* jurisdiction over the individuals there. See Parker v. Ryan, 960 F.2d 543, 546 (5th Cir. 1992). This lack of *in personam* jurisdiction precludes the entry of an injunction against the officials at the Clements Unit. Enterprise International v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464 (5th Cir. 1985).

Furthermore, the Fifth Circuit has noted that under Rule 65(d), an injunction is binding upon the parties to the action and the persons acting in privity with them. F.D.I.C. v. Faulkner, 991 F.2d 262, 267 and n.7 (5th Cir. 1993); Waffenschmidt v. MacKay, 763 F.2d 711, 717 (5th Cir. 1985). In this case, none of the persons sought to be enjoined -- officials at the Clements Unit -- are parties to the case now pending in the Eastern District of Texas, nor is there any showing beyond sheer speculation that these officials are acting in privity with the parties in this case. Finley's claims for injunctive relief are without merit.

The Court has conducted a *de novo* review of the pleadings in this cause, including Finley's requests for injunctive relief, the Report of the Magistrate Judge, and Finley's objections thereto. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct and that Finley's objections, and his requests for injunctive relief, are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motions for injunctive relief (docket no's 4, 6, 11, and 38) are hereby DENIED.

**SIGNED this 6th day of August, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

---

[1] The sheer volume of pleadings filed by Finley in this case shows that he is not being denied access to court.