IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JAICOURRIE FINLEY | § | |
| v. | § | CIVIL ACTION NO. 5:09cv146 |
| WARDEN DAVID HUDSON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

The Plaintiff Jaicourrie Finley, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Finley's lawsuit presented a bizarre tale of multiple sexual assaults by numerous prison officials, including wardens, majors, captains, nurses, and correctional officers. In grievances, Finley also alleged include sexual assaults by such persons as Vice President Joe Biden, Governor Rick Perry, Senator John Cornyn, U.S. District Judge William Sessions, and the President of Afghanistan.

The Defendants in the lawsuit were ordered to answer and filed a motion to dismiss the lawsuit as factually frivolous. Finley did not file a response to this motion, claiming that he had been sprayed with pepper spray and was now blind in one eye and partially blind in the other, rendering him unable to do legal work. However, the Magistrate Judge noted that Finley had filed at least one new lawsuit, and several pleadings in existing lawsuits, since the date of the alleged pepper spraying.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted and that the lawsuit be dismissed as factually frivolous. Finley sought

an extension of time to object, which was granted, but no objections were filed. On March 15, 2011, the Court dismissed the lawsuit as frivolous.

Thereafter, on March 25, 2011, Finley filed a motion asking for the Court to order the prison officials to allow him to mail his objections to the Report. He followed this with a motion to vacate judgment on April 18, and a notice of appeal on the same date.

On June 22, 2011, the Magistrate Judge issued a Report recommending that the Plaintiff's motion to vacate judgment be denied. The Magistrate Judge noted that Finley failed to present any valid bases for setting aside the final judgment and that no reason to do so appeared on the record, and that Finley's claims were plainly irrational or wholly incredible. The Magistrate Judge also recommended that Finley's motion for a court order be denied.

Finley filed objections to the Magistrate Judge's Report on July 18, 2011. In his objections, Finley first complains that he filed his complaint in October of 2009 and it was not reviewed for six months. He states that although the defendants were ordered to answer, not all of them did.

In July of 2010, Finley contends that he provided discovery to the defendants, including photos and tape recordings showing him being forced to pose nude and being threatened with further sexual assaults. In August of 2010, he states that he provided additional discovery in the form of photographs of various defendants performing sexual acts with him, as well as copies of letters from the defendants to him. He also claims that he provided the defendants with witness affidavits regarding these sexual assaults. None of these photographs or recordings have been provided to the Court.

Finley asserts that the Magistrate Judge's Report recommending denial of his motion to vacate judgment "reopens" the underlying case, allowing him to object to that dismissal as well. He contends that the Court is prohibited from hearing evidence outside of the complaint itself when considering §1915, and so the defendants' motion was in effect converted into a motion for summary judgment without notice to him. In addition, Finley states that the Court failed to consider two statements from eyewitnesses attesting to the sexual assaults.

After again arguing that he was prevented from filing his objections to the original Report, Finley complains that the grievances which he filed complaining of alleged sexual assaults are unrelated to his complaint, which also alleges sexual assaults. He asserts that the defendants refused to investigate his grievances, and the Court was barred from citing them. He denies filing grievances naming Senator Cornyn or Governor Perry, and notes that even if he did, he did not name any elected officials in his complaint.

Finley denies that he has filed over 40 lawsuits and states that there is no evidence of his doing so. Even if he had done so, he contends that the First Amendment protects his right to seek redress of his grievances. He complains that the Magistrate Judge stated that he was under "constant video surveillance," which he is not, and that the Magistrate Judge cited investigations of the Office of the Inspector General when in fact no investigations had been done. Similarly, Finley denies filing grievances naming Judge Sessions or the President of Afghanistan,

The Magistrate Judge cited a frivolous lawsuit which Finley had filed in New York, but Finley avers that he did not file this lawsuit and only learned about it when his family discovered it. He claims that the lawsuit was "dismissed without prejudice against the real Jaicourrie Finley" and that he was never charged any filing fees. He states that he learned that another prisoner at the unit had been submitting lawsuits under his name, and that his case against Vice President Biden was another example of this. Finley asserts that the Magistrate Judge had found his claims not to be frivolous by ordering the defendants to answer, and again denies filing 40 lawsuits.

Finley fails to show any basis for relief from judgment. As the Magistrate Judge determined, Finley's claims are factually frivolous on their face. The claims which he raises which do not directly concern his allegations of sexual assaults are inextricably tied in with those complaints.

Although Finley denies filing over 40 civil actions in the federal courts, the Prisoner Litigation Index contains no fewer than 66 entries for him. Many of these are habeas corpus petitions challenging prison disciplinary cases. In a number of Finley's habeas petitions, the facts subsequently showed that the disciplinary cases which he challenged did not even exist. *See, e.g.*,

Finley v. Thaler, civil action no. 2:10cv113 (N.D.Tex., dismissed October 22, 2010, no appeal taken); Finley v. Thaler, civil action no. 2:10cv151 (N.D.Tex., dismissed November 1, 2010, no appeal taken); Finley v. Thaler, civil action no. 2:10cv152 (N.D.Tex., dismissed November 1, 2010, no appeal taken); Finley v. Thaler, civil action no. 2:10cv161 (N.D.Tex., dismissed November 1, 2010, no appeal taken).

In the New York case which he denies filing, Finley submitted a motion stating that another prisoner at the unit had apparently filed the lawsuit under his name. However, TDCJ unit mailroom logs show that Finley did send the complaint to the district court in New York, and the handwriting on that complaint is identical to that on the complaint in the present case.

In Finley v. Biden, civil action no. 1:10cv165 (W.D.Tex), Finley states in his original complaint that he had been sexually assaulted by Vice President Biden, Bill Gates, Governor Perry, Senator Cornyn, TDCJ Director Brad Livingston, British Foreign Secretary David Milliband, the President of Afghanistan and his bodyguard, several Secret Service agents, a TDCJ investigator, and a TDCJ special prosecutor. A Report was issued recommending that the lawsuit be dismissed as frivolous, and Finley filed a motion to amend or for conditional withdrawal of the complaint. His proposed amended complaint named only Governor Perry and charged that in February of 2009, at Austin, Texas, Governor Perry forced him to engage in sexual activities while he, Finley was on temporary release from TDCJ for the purpose of testifying before the Senate Ethics Committee. The district court granted Finley's request for the withdrawal of his complaint and dismissed the lawsuit without prejudice. In his objections to the Magistrate Judge's Report, Finley did not deny that he had filed that lawsuit, but challenges the legal standards applied.

In cause no. 2:10cv73 (N.D.Tex.), Finley asserts that TDCJ Director Brad Livingston forced him to engage in sex acts in Dallas, while Finley was temporarily there for a polygraph examination. He filed a grievance, and Livingston retaliated against him by ordering his subordinates to take all necessary action to stop Finley from filing grievances. Finley also alleges that he was sexually assaulted by Regional Director Bruce Zeller, Warden John Adams, and Sgt. Benjamin Gareby,

among others, and that two female officers, Deborah Denton and Melinda Fletcher, forced him to engage in sexual intercourse with them. This lawsuit was dismissed as factually frivolous.

Finley's objections to the Report of the Magistrate Judge fail to reveal any basis upon which to set aside the final judgment in his case. As the Court concluded, Finley's claims are irretrievably frivolous, and appear to represent nothing more than a continuation of his long-standing pattern of filing legal claims over preposterous or non-existent events. Finley's motion for relief from judgment lacks merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's motion for relief from judgment, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 123) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Petitioner's motion to vacate judgment (docket no. 120), construed as a motion for relief from judgment under Rule 60(b), Fed. R. Civ. P., be and hereby is DENIED. It is further

ORDERED that all other motions not previously ruled upon are hereby DENIED. It is further

ORDERED that the Magistrate Judge's recommendation of sanctions in the Report of January 20, 2011, is ADOPTED and such sanctions are imposed upon the Plaintiff Jaicourrie Finley. As the Magistrate Judge explained, the consuming of scarce judicial time and resources on such patently absurd claims as are raised in the present case is a plain example of abuse of the judicial process. Accordingly, the imposition of sanctions is appropriate in this case. These should not take the form of monetary sanctions, but instead should restrict Finley's court filings in such a way as to reduce their quantity and improve their quality. *Cf.* Porter v. Nussle, 534 U.S. 516, 524 (2002) (one

purpose of the Prison Litigation Reform Act was to reduce quantity and improve quality of prisoner litigation). It is accordingly

ORDERED that the Clerk of the Eastern District of Texas shall accept no further lawsuits or petitions from the Petitioner Jaicourrie Finley unless accompanied by a motion for leave to file such new lawsuit or petition. This motion must be accompanied by copies of answered Step One and Step Two grievances showing that each claim which Finley seeks to present has been exhausted through the TDCJ administrative grievance procedure. The motion for leave to file must explain why the new lawsuit or petition is not frivolous, and show good cause for the Court to accept and file it.

Any new lawsuit or petition from Finley not accompanied by a motion meeting this requirement may be returned to him unfiled, or filed and then dismissed for failure to seek leave, at the option of the Court. This sanction shall not affect Finley's right to pursue any lawsuit or petition for which leave to file is granted by the Court, nor his right to seek leave to proceed *in forma pauperis*; however, Finley is placed on notice that should he file three lawsuits or appeals which are dismissed as frivolous or for failure to state a claim upon which relief may be granted, he may be barred from proceeding under the *in forma pauperis* statute except upon a showing of imminent danger of serious physical injury. Finley is also WARNED that the making of false statements to the Court may subject him to the imposition of further sanctions. As the Fifth Circuit has explained, "no one, rich or poor, is entitled to abuse the judicial process." Hardwick v. Brinson, 523 F.2d 798, 800 (5th Cir. 1975).

**SIGNED this 1st day of August, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE